IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC MOODY,

    Petitioner,                    No. CIV S-03-2023 MCE KJM P

    vs.

TOM CAREY, Warden,

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner raises three issues in his habeas petition: (1) that the trial judge violated petitioner's rights when the judge accepted petitioner's guilty plea without holding a competency hearing, (2) ineffective assistance of trial counsel, and (3) that petitioner was not competent to enter a guilty plea. Respondent has filed an answer and petitioner, his traverse.

/////

/////

/////

/////

/////

1

I. Factual And Procedural Background

The parties substantially agree as to the relevant factual and procedural background, which is summarized below.

On October 10, 2000, the Sacramento County District Attorney filed an amended five-count information against petitioner. CT 101-104.[1] Count one charged petitioner with attempted robbery along with a sentence enhancement for use of a firearm. CT 101. Count two charged petitioner with unlawful possession of a firearm after having suffered a felony conviction. CT 102. Counts three, four and five charged petitioner with robbery. CT 102-103. Count five also charged petitioner with use of a firearm in the commission of a robbery. CT 103. The information further alleged that petitioner had two prior convictions for robbery in June 1994 and October 1996 that qualified as two previous strikes. CT 103-104.

On October 16, 2000, after a Marsden motion filed by petitioner had been heard and denied, petitioner informed the court that he wished to enter a plea. CT 115. Petitioner pled guilty to counts one, two, three and five and admitted both his personal use of a firearm as to counts one and five and the truth of his prior convictions. RT 64-67. Petitioner later notified the court that he wanted to withdraw his plea, but then he changed his mind. RT 94-95. The court sentenced petitioner to the stipulated term of 44 years, 8 months. RT 109-111. The court struck one of petitioner's prior strikes in the interests of justice. RT 114-115; CT 117-118.

Petitioner appealed and the California Court of Appeal modified petitioner's sentence from 44 years, 8 months to 38 years. Answer, Ex. 3 at 9 (Court of Appeal decision). Petitioner filed his petition for review and his petition for a writ of habeas corpus concurrently with the California Supreme Court, which denied the petition for review without comment and denied the habeas petition on procedural grounds, citing In re Swain, 34 Cal.2d 300, 304 (1949) and In re Duvall, 9 Cal.4th 464, 474 (1995). Answer, Ex. 1 (Supreme Court habeas denial) &

---

[1] CT refers to the Clerk's Transcript, lodged with this court. RT refers to the Reporter's Transcript, also lodged.

Ex. 6 (Supreme Court direct appeal denial).

Petitioner filed this federal habeas petition on September 26, 2003.

II. AEDPA Standards

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a).

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Although "AEDPA does not require a federal habeas court to adopt any one methodology," Lockyer v. Andrade, 538 U.S 63, 71 (2003), there are certain principles that guide its application.

First, the "contrary to" and "unreasonable application" clauses are different. As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002). It is the habeas petitioner's burden to show the state

3

1 court's decision was either contrary to or an unreasonable application of federal law. Woodford
2 v. Visciotti, 537 U.S. 19, 123 S. Ct. 357, 360 (2002). It is appropriate to look to lower court
3 decisions to determine what law has been "clearly established" by the Supreme Court and the
4 reasonableness of a particular application of that law. See Duhaime v. Ducharme, 200 F.3d 597,
5 598 (9th Cir. 1999).

6 Second, so long as the state court adjudicated petitioner's claims on the merits, its
7 decision is entitled to deference, no matter how brief. Lockyer, 538 U.S. at 76; Downs v. Hoyt,
8 232 F.3d 1031, 1035 (9th Cir. 2000). However, when the state court does not issue a "reasoned
9 opinion," this court must undertake an independent review of the claims. Delgado v. Lewis, 223
10 F.3d 976, 982 (9th Cir. 2000).

11 Third, in determining whether a state court decision is entitled to deference, it is
12 not necessary for the state court to cite or even be aware of the controlling federal authorities "so
13 long as neither the reasoning nor the result of the state-court decision contradicts them." Early v.
14 Packer, 537 U.S. 3, 8 (2002). Moreover, a state court opinion need not contain "a formulary
15 statement" of federal law, so long as the fair import of its conclusion is consonant with federal
16 law. Id.

17 Petitioner's petition for review in the California Supreme Court was denied,
18 without comment, on May 15, 2002. Answer, Ex. 6 (Supreme Court denial). As noted,
19 petitioner's habeas writ in the California Supreme Court was denied with citation to In re Swain,
20 34 Cal.2d 300, 304 (1949) and In re Duvall, 9 Cal.4th 464, 474 (1995). Answer, Ex. 1. In other
21 words, there is no reasoned decision issued by the state courts. Accordingly, this court
22 undertakes an independent review of the record and associated claims. Delgado v. Lewis, 223
23 F.3d 976, 982 (9th Cir. 2002).

24 All of the claims that petitioner raises in his federal habeas petition were raised in
25 petitioner's petition for review before the California Supreme Court. Compare Pet. at 5-6 with
26 Answer, Ex. 5 (petition for review before the California Supreme Court). Therefore, petitioner

4

1 has exhausted his available state remedies and this court may reach the merits of petitioner's
2 claims.

3 III. Trial Court Violated Petitioner's Due Process Rights By Accepting Plea Of Guilty Without Conducting A Competency Hearing
4

5    Although the basis of the first claim is not entirely clear, this court construes it as
6 alleging the trial court violated petitioner's due process rights by accepting his guilty plea
7 without first conducting a competency hearing. Pet. at 5.

8    Due Process requires a trial court to hold a competency hearing sua sponte
9 whenever the evidence before it raises a reasonable doubt as to defendant's mental competency.
10 Pate v. Robinson, 383 U.S. 375, 385 (1966). A reasonable doubt about a defendant's
11 competency can arise because of defendant's irrational behavior, demeanor in court or any prior
12 medical opinions about his competence. Miles v. Stainer, 108 F.3d 1109, 1112 (9th Cir. 1997).
13 This court reviews the record to determine whether evidence before the state trial court raised a
14 substantial doubt that the petitioner was competent to stand trial. Odle v. Woodford, 238 F.3d
15 1084, 1087 (9th Cir. 2001). If a reasonable judge would have had a good faith doubt, then
16 petitioner was entitled to a competency hearing in connection with his state trial and failure to
17 hold a competency hearing violated his right to due process. Id.

18    The record contains no indication of a history of irrational behavior by petitioner;
19 moreover, there was no irrational behavior during the trial, there were no prior medical opinions
20 questioning petitioner's competence, and petitioner's demeanor in court did not give the
21 impression of incompetence, so far as this court is able to determine from the transcript.
22 Petitioner spoke clearly to the judge and answered the judge's questions with every sign of
23 understanding what was going on. See, e.g., RT 56-67, 69-70, 76-77, 102-103. In fact,
24 petitioner's regret over his decision to plead guilty and indecision about whether or not to
25 withdraw his plea suggests he knew what was occurring during the proceeding and that he was
26 competent to plead guilty. While petitioner also raises the fact of his previous drug abuse, the

record does not contain any evidence that the trial judge knew of petitioner's previous drug use and also no indication the drug use had lasting neurological effects. There was no evidence that could have given the trial judge reasonable doubt about petitioner's competence. Petitioner's due process rights were not violated by the state trial judge's failure to hold a competency hearing.

IV. Ineffective Assistance Of Counsel

Petitioner claims he received ineffective assistance of counsel when his trial counsel failed to investigate petitioner's previous head injury and present those facts to the court so that petitioner's offense could be mitigated. Pet. at 5.

The federal law on claims of attorney ineffectiveness is well established:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.

Strickland v. Washington, 466 U.S. 668, 687 (1984). "[T]he performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Id. at 688. The court then must determine whether in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance. Id. at 688-89. It is also petitioner's burden to establish prejudice. Id. In the context of a guilty plea, petitioner can establish prejudice if he shows "that there is a reasonable possibility that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Petitioner has to meet both prongs in order to show ineffective assistance of counsel.

Petitioner claims that his attorney should have investigated his prior head injury and presented the fact of petitioner's resulting brain impairment to the court. Pet. at 5. As a threshold matter, petitioner has not provided any evidence, other than his own statements, in support of his allegations that his counsel did not investigate petitioner's claim of brain damage.

Jones v. Gomez, 66 F.3d 199, 205 (9th Cir. 1995) (holding that conclusory suggestions that counsel provided ineffective assistance of counsel fall short of stating a valid claim of constitutional violation). Moreover, petitioner cannot establish prejudice because he has not alleged in his petition, or indicated in his traverse, that he would not have pled guilty and would have insisted on going to trial if counsel had investigated his head injury.[2] Either way, petitioner has not alleged a valid claim of ineffective assistance of counsel.

V.  Petitioner Was Not Competent To Enter A Plea Of Guilty

Petitioner claims he was not competent to enter a guilty plea due to the brain damage he says was caused by a previous accident and resulting head injury. Pet. at 6.

In applying the test for competency to plead guilty, the court "look[s] to whether a defendant has the ability to make a reasoned choice among the alternatives presented to him." Miles, 108 F.3d at 1112. In a habeas proceeding, a petitioner is entitled to a hearing on whether or not he was competent to plead guilty or stand trial if he presents facts sufficient to create a substantial doubt about his competency, even if those facts were not originally presented to the state court. Boag v. Raines, 769 F.2d 1341, 1343 (9th Cir. 1985); Steinsvik v. Vinzant, 640 F.2d 949, 954 (9th Cir. 1981).

Petitioner claims that his prior drug use and the past head injury that allegedly caused brain damage are facts that create substantial doubt about his competency to have pled guilty. Pet. at 5-6. Petitioner does not provide any evidence, such as medical records, to prove that he suffers from brain damage. Thus, petitioner has failed to show that his prior drug use or past head injury caused any mental impairment at the time of the trial. See Boag, 769 F.2d at 1343 (holding that the district court properly discounted Boag's claims that his alcoholism and

---

[2] Petitioner does say he would not have accepted the plea offer if he had known he would receive 44 years, "without first having the court informed of his mental instability." Pet. at 16. Pointedly, petitioner does not say he would rather have gone to trial; read in context it is clear petitioner wishes he had received leniency at sentencing, and seeks at most a reduction in sentence. Id. at 15-18.

1 prior head injuries affected his competence when Boag did not provide evidence showing that
2 either had caused mental impairment during his trial).

3       Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a
4 writ of habeas corpus be denied.

5       These findings and recommendations are submitted to the United States District
6 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty
7 days after being served with these findings and recommendations, any party may file written
8 objections with the court and serve a copy on all parties.  Such a document should be captioned
9 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
10 shall be served and filed within ten days after service of the objections.  The parties are advised
11 that failure to file objections within the specified time may waive the right to appeal the District
12 Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
13 DATED: August 18, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

mood2023.157